## JOHN KENNEDY *v.* JOHN PAINE.

Where, in proceedings under the mechanics' lien law of 1851, by a person furnishing materials pursuant to an agreement with the contractor, and in conformity with the contract of the latter with the owner, it appeared that, before the notice of lien (under § 6) was filed, the owner had paid his contractor $38,700, when the whole amount required to be paid by the terms of the contract was but 24,000 ; it was *held,* in accordance with the principles determined in the case of *Doughty* v. *Devlin, (ante, p. 625,)* that the claimant was not entitled to a judgment against the owner.

It was agreed by the owner of certain lots in the city of New York, to convey them to a purchaser for a stipulated sum, and to advance another amount to aid the purchaser, who, on his part, agreed to erect buildings on the lots, the advances to

be made by instalments as the work progressed, the last instalment to be advanced when the buildings should be completed, at which time the lots were to be conveyed, and their price, with the advances, were to be secured by bonds and mortgages, executed by the purchaser. *Quere,* Whether the vendor, where a person has furnished materials to the buildings under an agreement with the purchaser, and has filed a notice of claim, pursuant to the sixth section of the mechanics' lien law of 1851, (in which notice the vendor is named as "the owner," and the purchaser as "the contractor,") can be made liable in proceedings under that law? (*a*)

GENERAL TERM, JULY, 1852.

THE defendant in this suit, being the owner of six lots of land in the city of New York, agreed in writing to sell them, for the sum of $18,000, to one Peter Kahoe, a builder, who agreed to proceed immediately to erect dwelling houses thereon, of a prescribed pattern, to be completed within a specified time. The defendant further agreed to advance to Kahoe $24,000 in twelve instalments, each payable at a certain stage in the progress of the buildings. At their completion, the two sums, amounting together to $42,000, were to be secured to the defendant by the bonds of Kahoe, with mortgages upon the houses and lots, and the defendant was to convey the same to him by deed. The contract contained additional provisions, prescribing the manner of the advances, and providing for the payment of interest, &c.

---

(*a*) In the case of *Loonie* v. *Hogan,* decided in this court at general term, in June, 1851, (INGRAHAM, FIRST J., delivering the opinion,) it was held, adversely to the decision of the supreme court of this district, in *McDermott* v. *Palmer,* (11 Barb. S. C· Rep. 9,) that the owner of a lot of land, who has agreed to sell the same to a builder, upon condition that he erects a house thereon, and to advance money from time to time to aid in the erection of such building, the advances with the purchase money to be secured by mortgage, could not be charged as the owner of the building, under the act known as the lien law of 1830.

The ruling of the common pleas, in *Loonie* v. *Hogan,* has been sustained in the court of last resort. The case is noticed in the sixth number of " Notes of cases decided in the court of appeals, April 18, 1854," p. 42, published by Mr. SELDEN, and will probably appear more fully in the latter part of the third, or in the fourth volume of his reports.

That case arose under the act, similarly entitled, passed April 20, 1830. (Laws of 1830, chap. 330, p. 412.) But a similar construction has been given to the act of July 11th, 1851. (See *Gay* v. *Brown, post.*)

The plaintiff furnished to the buildings and put up therein, marble mantles, in conformity with the contract between the owner and Kahoe, and pursuant to written agreements between the plaintiff and Kahoe, in which the latter agreed to pay $3,045 for the same, in part cash, and with certain notes secured by mortgages. The plaintiff received half of the amount, and claimed the balance, $1,522 50. It appeared in the case, that the houses were not yet completed, and that the plaintiff had demanded the notes and mortgages, which Kahoe refused to give. The premises were not yet conveyed to him. The plaintiff had filed notices of lien upon the houses and lots, pursuant to § 6 of the mechanics' lien law of 1851, naming the defendant as the owner and Kahoe as the contractor. When these notices were filed, the defendant had paid to Kahoe $38,700.

The parties, plaintiff and defendant, agreed to a statement of the case, and the cause was submitted and argued thereon at a general term.

*William C. R. English* and *A. W. Clason*, for the plaintiff.

*Francis Byrne*, for the defendant.

By THE COURT. INGRAHAM, FIRST J.—Without expressing any opinion upon the question, whether or not the defendant can, in any event, be made liable in this action under the lien law, it is decisive of this case that it is conceded that he has paid to Kahoe, the person with whom he made the contract for the sale of the lots and advance upon the buildings, not only all he contracted to pay, but had actually made greater advances of money than he agreed to do. The amount agreed to be paid or advanced, on condition of the erection of the buildings, was $24,000, and the amount which it is admitted by the case was advanced, is $38,700.

We have heretofore decided, in *Doughty* v. *Devlin*, (*ante*, p. 625,) that the owner was not liable beyond the amount of his contract, and if there was any liability on the part of the

Beals v. Cong. B'nai Jeshurun.

defendant at all, it was discharged when he paid to Kahoe, before the filing of the notice of lien, the whole amount which by his contract he was bound to advance.

The defendant is entitled to judgment on this case.